White, C. J.
This case comes before the court under sections 158 and 159 of the code of criminal procedure. 66 Ohio L. 310. The defendants, John Ritty and James Ritty, were prosecuted before a justice of the peace, upon a charge of keeping a room for gambling purposes. When brought before the justice, under arrest, to answer the charge, they pleaded not guilty; and, furthermore, as the record shows, “ waived an examination.” Whereupon they severally, as required by the justice, entered into a recognizance for their appearance in the Probate Court to answer the charge, and were discharged from custody.
Under the statute defining the jurisdiction and regulating the practice of Probate Courts in certain counties, which includes the county of Montgomery, a transcript of the proceeding before the justice; with the recognizances, was duly filed in the Probate Court; also an information by the prosecuting attorney, setting forth the charge against the defendants. 2 S. & C. 1221; S. & S. 631.
On motion of the defendants, the Probate Court quashed the information on the alleged ground of want of jurisdiction, because, as the court held, the justice had not inquired into the complaint against the defendants before binding them over. To obtain the decision of this court as to the correctness of this ruling of the Probate Court, is the object of the present proceeding.
We think the Probate Court clearly erred in quashing *564 the information. The sufficiency of the evidence to warrant the court in binding over the defendants could be made to appear as well by their admission to this effect ashy the examination of witnesses. This admission the defendants could make, notwithstanding the plea that they were, in fact, not guilty. Such must have been the purpose of their express waiver of an examination; it could have no other effect. The admission could be used against them for no other purpose than that for which it was made. It is analogous to the plea of nolo contendere at common law, which, like a demurrer, admits the charge for the purposes of the case, but is not to be used as an admission elsewhere. Commonwealth v. Tilton, 8 Met. 233.
We do not say that the justice may not, if he sees proper, inquire in every case into the evidence. There may be good reasons in some cases why he ought to do so. But he may act upon the express waiver of the defendant, when he deems-an examination of the witnesses unnecessary for the purposes of justice.
As the judgment rendered by the Probate Court can not, under the statute, be affected by this opinion, we state the following as the law which ought to govern this and like cases:
1. A person brought before a justice of the peace, charged with an offense, may, notwithstanding he pleads not guilty, waive an examination of witnesses to sustain the charge, and submit to be bound over without such, examination.
2. Where a person is thus bound over to answer in the proper Probate Court, it is error for the court to quash the information on the ground that the justice had failed to inquire into the truth of the complaint.